IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAL DUDA,                          :        No. 3:26cv1875
                                      :
                 Petitioner           :        (Judge Munley)
                                      :
        v.                            :
                                      :
CRAIG A. LOWE, Warden of Pike         :
County Correctional Facility;         :
MICHAEL ROSE, Field Office Director   :
for the Philadelphia Field Office of  :
U.S. Immigration and Customs          :
Enforcement; DAVID J.                 :
VENTURELLA, Senior Official           :
Performing the Duties of the Director :
of U.S. Immigration and Customs       :
Enforcement; MARKWAYNE MULLIN,        :
Secretary of the U.S. Department      :
of Homeland Security; TODD            :
BLANCHE, Attorney General of the      :
United States,                        :
                 Respondents          :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court are Michal Duda's petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241, (Doc. 1), and accompanying motion for a

temporary restraining order and preliminary injunction ("TRO"). (Doc. 3).

Petitioner, an immigration detainee subject to a final order of removal, seeks

expedited consideration based on his assertion that he faces imminent removal

to Slovakia, his country of origin.  As explained below, the court lacks subject-

matter jurisdiction over petitioner's claims.  Accordingly, the petition will be

dismissed, the court's July 8, 2026 temporary stay order will be vacated, and petitioner's motion for a temporary restraining order and preliminary injunction will be denied as moot.

**Background**

Duda is a native and citizen of Slovakia who is being held in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") at the Pike County Correctional Facility in Lords Valley, Pennsylvania. (Doc. 1, Pet. ¶ 9). Duda entered the United States through Liberty Newark International Airport on November 2, 2015, pursuant to the Visa Waiver Program, with authorization to remain in the United States until January 30, 2016. (Doc. 10-2, Resp. Ex. 1, I-213 at 3). Petitioner overstayed his authorized period of admission. (Id.) During his continued presence in the United States, he filed Form I-130, Petition for Alien Relative, through his United States citizen spouse, Form I-485, Application to Register Permanent Residence or Adjust Status, and Form I-765, Application for Employment Authorization. (Id.)

According to respondents, the Interpol is seeking Duda in connection with an investigation involving bank and financial fraud. (Id.) On October 29, 2025, immigration officials encountered and detained Duda near his residence. (Id.) On November 10, 2025, DHS referred Duda to an immigration judge ("IJ") for removal proceedings. (Doc. 10-3, Resp. Ex. 2, Notice of Referral at 2).

2

While in detention, Duda applied for asylum, withholding of removal, and protection under the Convention Against Torture. (Doc. 1, Pet. ¶ 18). On March 9, 2026, however, the IJ denied those applications and ordered Duda removed to Slovakia. (Doc. 10-4, Resp. Ex. 3, IJ Order at 1). Duda, however, did not appeal that decision to the Board of Immigration Appeals ("BIA"). Consequently, the removal order became administratively final on April 7, 2026. (Id.)

Meanwhile, on May 21, 2026, the United States Citizenship and Immigration Services ("USCIS") approved Duda's spouse's Form I-130 petition. (Doc. 1-6, Pet. Ex. D, Notice of Action at ECF pp. 1-2). As USCIS explained, approval "does not in itself grant any immigration status and does not guarantee that the beneficiary will subsequently be found to be eligible for visa . . . or adjustment of status." (Id. at ECF p. 2). Rather, Duda must separately establish his eligibility through the adjudication of his pending Form I-485 application. (Id.)

On June 2, 2026, USCIS notified Duda that his Form I-485 interview was scheduled for July 10, 2026. (Doc. 1-10, Pet. Ex. H at ECF p. 1). Six days later, on June 8, 2026, petitioner filed a motion with the Immigration Court seeking to reopen and terminate his removal proceedings based on the approved I-130 petition. (Doc. 1-9, Pet. Ex. G, Motion to Reopen at ECF pp. 1-12). That motion remains pending and unadjudicated. (Doc. 1, Pet. ¶ 21).

On July 7, 2026, petitioner filed the instant petition and motion for TRO,. (Docs. 1, 3). He requested that the court: 1) prohibit respondents from removing him from the United States or transferring him outside this District while his motion to reopen and Form I-485 application remained pending; 2) require respondents to transport him to and from his scheduled USCIS interview; and 3) order his release, subject to conditions if necessary, to permit him to attend that interview. (Id. Prayer For Relief). Duda also requested expedited consideration.

In light of petitioner's representations concerning his impending removal, the court entered a temporary stay order on July 8, 2026 solely to preserve the status quo while evaluating any jurisdictional challenge. The order temporarily prohibited respondents from removing Duda from the United States or transferring him outside the Middle District of Pennsylvania. (Doc. 5). The court further directed the government not to interfere with Duda's ability to participate in his July 10, 2026 USCIS interview. (See id.)

The following day, July 9, 2026, the court conducted a telephone status conference with counsel for the parties.[1] During that conference, respondents challenged the court's subject-matter jurisdiction. In their subsequent response, respondents represented that Duda's removal had been scheduled for July 11,

---

[1] As a result of the telephone conference, the court amended its order to expedite the briefing schedule and expressly authorize respondents to transport Duda to his USCIS interview. (Doc. 9).

2026, but that immigration officials complied with the court's temporary stay order. (Doc. 10, Resp. Br. at 5). Respondents nevertheless maintain that this court lacks jurisdiction to entertain the petition. (Doc. 10).

Having carefully considered the parties' submissions and the governing law, the court agrees with the government.  For the reasons discussed below, the court will vacate its July 8, 2026 order, dismiss Duda's petition for writ of habeas corpus for lack of subject-matter jurisdiction, and deny petitioner's motion for a TRO as moot.

**Analysis**

The court is acutely aware of the serious circumstances presented by Duda's case.  Petitioner has obtained approval of his spouse's Form I-130 petition, has a pending motion to reopen before an IJ, and has now presumably appeared for his Form I-485 adjustment of status interview. Yet, despite those developments, he faces the prospect of imminent removal. The court does not minimize the gravity of these circumstances.  But those are not questions this court is authorized to resolve in a habeas proceeding.  Congress has directed that such challenges be addressed through the petition for review ("PFR") process in the Court of Appeals, not through a habeas petition filed in the district court.

### 1. The Statutory Framework

To start, Duda is subject to a final order of removal. See Nasrallah v. Barr, 590 U.S. 573, 579 (2020) (defining "final order of removal" as a "final order 'concluding that the alien is deportable or ordering deportation.'"); see also Khouzam v. Att'y Gen. of U.S., 549 F.3d 235, 247 (3d Cir. 2008) (defining "order of removal" as "order…concluding that the alien is removable or ordering removal.").

Section 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal[.]" 8 U.S.C. § 1252(a)(5). District courts lack jurisdiction over those challenges to removal. E.O.H.C. v. Sec'y United States Dep't of Homeland Sec., 950 F.3d 177, 184 (3d Cir. 2020) (citing 8 U.S.C. § 1252(a)(5)).

"District courts also lack jurisdiction to review most claims **that even relate to removal.**" Id. Specifically, pursuant to Section 1252(b)(9):

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision … to review such an order or such questions of law or fact.

6

8 U.S.C. § 1252(b)(9).

Section 1252(b)(9) has been referred to as a "zipper clause," <u>Reno v. Am.-Arab Anti-Discrimination Comm.</u>, 525 U.S. 471, 483 (1999) ("<u>AADC</u>"), which channels claims into a single petition for review, <u>E.O.H.C.</u>, 950 F.3d at 186.  That is, "Congress intended the zipper clause to 'consolidate judicial review of immigration proceedings into one action in the court of appeals.' " <u>Guerrero-Lasprilla v. Barr</u>, 589 U.S. 221, 230 (2020) (quoting <u>INS v. St. Cyr</u>, 533 U.S. 280, 313 (2001)).  Section 1252(b)(9) is a jurisdiction-stripping provision. <u>Khalil v. President, United States</u>, 164 F.4th 259, 273 (3d Cir. 2026).

### 2. The Now-or-Never Exception and Its Application

Section 1252(b)(9) does not bar all habeas petitions.  As the Supreme Court has explained, Section 1252(b)(9) " 'does not present a jurisdictional bar' where those bringing suit 'are not asking for review of an order of removal,' 'the decision ... to seek removal,' or 'the process by which ... removability will be determined.' " <u>Dep't of Homeland Sec. v. Regents of the Univ. of California</u>, 519 U.S. 1, 19 (2020) (quoting <u>Jennings v. Rodriguez</u>, 583 U.S. 281, 294–95 (2018) (Alito, J.), 355 (Breyer, J., dissenting) ("Jurisdiction also is unaffected by 8 U.S.C. § 1252(b)(9), which by its terms applies only with respect to review of an order of removal under Section 1252(a)(1).") (cleaned up).

The Third Circuit has interpreted the "arising from" phrase in Section 1252(b)(9) to exclude "now-or-never" claims—that is, claims that courts "cannot 'meaningfully' review through the PFR process." Khalil v. President, United States, 164 F.4th 259, 274 (3d Cir. 2026) (quoting E.O.H.C., 950 F.3d at 186 (3d Cir. 2020)). In E.O.H.C., the appellate court distilled a "simple principle" from Supreme Court precedent: "We must ask: If not now, when? If the answer would otherwise be never, then [Section] 1252(b)(9) poses no jurisdictional bar." 950 F.3d at 185–86.

The Third Circuit in Khalil refined the scope of this exception, resolving a question E.O.H.C. had left open. Specifically, a now-or-never claim "must raise legal or factual questions that a court of appeals will not later be able to review meaningfully on a PFR." Khalil, 164 F.4th at 274–75 (emphasis in original). "It is not enough to assert an *injury* that cannot be remedied later." Id. at 275 (emphasis in original). The court based this conclusion on the text, title, and purpose of Section 1252(b)(9), emphasizing that the provision channels "questions," not "claims," and that its purpose is to ensure "petitioners get just one bite at the apple—not zero or two." Id. at 281.

### 3. Duda's Removal

The government seeks to remove Duda to Slovakia. For reasons unknown to this court, petitioner did not appeal the IJ's removal order to the BIA or file a

8

PFR in the appropriate Court of Appeals.  Consequently, Duda's removal order became administratively final 30 days after the IJ's decision. 8 C.F.R. § 1241.1. The 30-day period for filing a PFR then began to run under 8 U.S.C. § 1252(b)(1). Riley, 606 U.S. at 266.

Duda may well be on the cusp of adjusting his status to that of a lawful permanent resident.  Standing alone, however, that circumstance does not confer habeas jurisdiction on this court.  Rather, under Khalil, the relevant inquiry is whether Duda's legal and factual claims can ultimately receive meaningful review through a PFR. 164 F.4th at 274–75.

That inquiry brings the court to Duda's principal argument advanced during the telephone conference.  Petitioner characterizes his situation as presenting a now-or-never predicament.  He highlights the extraordinary speed at which events have unfolded: USCIS scheduled his Form I-485 interview for July 10, 2026, while the government intended to remove him that same day, or immediately thereafter.

The court does not discount the urgency of petitioner's situation.  To the contrary, Duda's concerns are both understandable and significant.  But after Khalil, the now-or-never inquiry does not turn on whether the alleged harm is imminent or even irreparable.  Instead, it asks whether the legal and factual questions raised by the petitioner are capable of meaningful review through a

9

PFR. 164 F.4th at 275 ("Letting petitioners raise now-or-never injuries through habeas based on claims that can be litigated later would subvert that channeling scheme."). Thus, the court must determine whether Duda's claims are of the type that may be meaningfully reviewed through avenues other than this habeas petition.

### 4. Duda's Avenues for Review

Despite the undeniable difficulties of Duda's situation, several avenues appear to remain open.

Motion to reopen administrative proceedings – For his part, Duda has tried to reopen his immigration proceedings. That motion remains outstanding. If reopening is granted, petitioner will have the opportunity to present newly discovered material evidence, and ultimately, seek judicial review through a PFR with the Court of Appeals.

Petition for review – In Riley, the Supreme Court held that the 30-day PFR filing deadline in Section 1252(b)(1) is a *non-jurisdictional* claim-processing rule. 606 U.S. at 273–74. That is, the language of Section 1252(b)(1) tells noncitizens "what they must do if they want judicial review, but it provides no directives to courts. It makes no reference to jurisdiction and lacks any language demarcating a court's power." Id. at 274 (cleaned up).

Under the law, "nonjurisdictional limitations periods are presumptively subject to equitable tolling" — "a traditional feature of American jurisprudence and a background principle against which Congress drafts [such] periods." Boechler, P.C. v. Comm'r of Internal Revenue, 596 U.S. 199, 208–09 (2022). The decision in Riley thus appears to open the door for Duda to argue that equitable tolling should apply. 606 U.S. at 273 (majority op.) (citing 33 C. Wright & A. Miller, Federal Practice and Procedure § 8316, p. 50 (2018) ("[A] litigant's failure to comply with a jurisdictional bar deprives a court of all authority to hear a case, regardless of waiver or equitable considerations."), 302–303 (Sotomayor, J., dissenting op.) ("In addition, the courts of appeals should consider applying standard principles of equitable tolling, which are likely available now that the Court has recognized that § 1252(b)(1)'s appeal deadline is not jurisdictional."); see also Holland v. Fla., 560 U.S. 631, 649 (2010) (reiterating that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing).

The court expresses no view on the merits of the above argument, but notes its availability as a potential pathway for Duda.  Until that pathway is blocked by a precedential opinion in the applicable circuit or by a Supreme Court decision, Duda has another option other than this habeas petition.  Thus, Duda's

11

situation, while urgent, does not present the kind of dead-end that would transform his claims into now-or-never questions exempt from Section 1252(b)(9)'s channeling mandate.  The petition for writ of habeas corpus under 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction.[2]

**Conclusion**

For the reasons set forth above, Duda's petition for writ of habeas corpus will be denied for lack of subject-matter jurisdiction.  Duda's motion for a TRO will be denied as moot.  The temporary stay order entered on July 8, 2026 will be vacated and the hearing scheduled for July 20, 2026 is hereby cancelled.  An appropriate order follows.

Date: 7/16/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

---

[2] Because the court concludes that it lacks jurisdiction over Duda's petition for a writ of habeas corpus, it need not address the remaining arguments raised in Duda's traverse, including whether Duda may continue pursuing adjustment of status from Slovakia, whether his detention is unreasonably prolonged, or whether the ongoing Interpol investigation bears on the legality of Duda's detention. (See Doc. 11, Traverse ¶¶ 7- 14).